IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAVIER GIOVANNI ARAUJO,
          Movant,

v.

UNITED STATES OF AMERICA,
          Respondent.

No.    3:19-CV-2498-M-BT
(3:16-CR-478-M (2))

## <u>RESPONSE TO MOTION UNDER 28 U.S.C. § 2255</u>

Respectfully submitted,

Erin Nealy Cox
United States Attorney

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
jonathan.bradshaw@usdoj.gov

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. iii

RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 ...................................... 1

BACKGROUND ............................................................................................... 1

ARGUMENT AND AUTHORITIES ................................................................ 3

    1.    Araujo's claims of pre-plea ineffective assistance are meritless. ................ 3

        A.    There is no merit to Araujo's claim that his counsel failed to communicate. ..................................................................... 4

        B.    There is no merit to Araujo's claim that his counsel failed to file "any substantive pretrial motions." ................................................... 7

        C.    Araujo's failure-to-investigate claim is meritless. ............................. 8

        D.    Araujo has failed to show that his counsel led him into an unknowing or involuntary plea. ....................................................... 11

    2.    The Court should reject Araujo's claims regarding counsel's performance at sentencing. ................................................................................ 13

    3.    Araujo has failed to show that he received ineffective assistance on appeal. ........................................................................................ 15

CONCLUSION ................................................................................................. 19

CERTIFICATE OF SERVICE .......................................................................... 19

# TABLE OF AUTHORITIES

**Federal Cases**                                                    **Page(s)**

*Bousley v. United States*, 523 U.S. 614 (1998) .................................................. 12

*Bradshaw v. Stumpf*, 545 U.S. 175 (2005) ...................................................... 12

*Brady v. Maryland*, 373 U.S. 83 (1963) ........................................................ 7

*Buckalew v. United States*, 575 F.2d 515 (5th Cir. 1978) ................................. 9

*Giglio v. United States*, 405 U.S. 150 (1973) ................................................. 7

*Gregory v. Thaler*, 601 F.3d 347 (5th Cir. 2010) ............................................ 9

*Hill v. Lockhart*, 474 U.S. 52 (1985) ................................................... 4, 5, 14, 15

*Lee v. United States*, 137 S. Ct. 1958 (2017) .................................................. 6

*Medrano v. United States*, No. 3:08-CV-2250-N, 2009 WL 1181070
   (N.D. Tex. May 1, 2009) ....................................................................... 8

*Miller v. Johnson*, 200 F.3d 274 (5th Cir. 2000) ....................................... 11, 13

*Missouri v. Frye*, 566 U.S. 134 (2012) ........................................................ 5

*Strickland v. Washington*, 466 U.S. 668 (1984) ............................................. 4

*United States v. Amaya*, 111 F.3d 386 (5th Cir. 1997) .................................. 12

*United States v. Araujo*, 745 F. App'x 541 (5th Cir. 2018) ............................ 2

*United States v. Batamula*, 823 F.3d 237 (5th Cir. 2016) .............................. 5

*United States v. Burke*, No. 3:12-CR-318-D (1), 2014 WL 6633040
   (N.D. Tex. Nov. 24, 2014) .................................................................... 8

*United States v. Cavitt*, 550 F.3d 430 (5th Cir. 2008) .................................... 6

*United States v. Cothran*, 302 F.3d 279 (5th Cir. 2002) .............................. 4, 16

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004) .......................... 16, 18

*United States v. Edwards*, 442 F.3d 258 (5th Cir. 2006) ................................ 3

*United States v. Eikelboom*, 609 F. App'x 224 (5th Cir. 2015) ....................... 18

**Federal Cases, continued**                                                **Page(s)**

*United States v. Frady*, 456 U.S. 152 (1982) ...................................................... 3

*United States v. Fripp*, No. 09-4541, 2010 WL 283043 (4th Cir. 2010) ......................... 17

*United States v. Gracia*, 983 F.2d 625 (5th Cir. 1993) ................................. 12, 13

*United States v. Green*, 882 F.2d 999 (5th Cir. 1989) ........................................... 9

*United States v. Kimler*, 167 F.3d 889 (5th Cir. 1999) .......................................... 7

*United States v. Lozano*, 757 F. App'x 348 (5th Cir. 2018) ................................... 6

*United States v. McClinton*, 782 F. App'x 312 (5th Cir. 2019) ........................... 6

*United States v. McDaniels*, 907 F.3d 366 (5th Cir. 2018) ........................... 3, 10

*United States v. Ruiz*, 621 F.3d 390 (5th Cir. 2010) .......................................... 15

*United States v. Smith*, 945 F.3d 860 (5th Cir. 2019) ........................................ 11

*United States v. Trowbridge*, 335 F. App'x 416 (5th Cir. 2009) ....................... 17

*United States v. Williamson*, 183 F.3d 458 (5th Cir. 1999) .............................. 15

*Youngblood v. Maggio*, 696 F.2d 407 (5th Cir. 1983) ...................................... 14

**Federal Statutes and Rules**

Fed. R. Crim. P. 11(c)(4) ............................................................................. 17

## RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

Javier Giovanni Araujo seeks to set aside his conviction and sentence under 28 U.S.C. § 2255.  (CV Nos. 1, 2.)[1]  He claims that his counsel rendered ineffective assistance in more than a dozen ways in this Court and on appeal.  Every one of his claims is meritless.  For the reasons explained fully below, this Court should reject his motion with prejudice.

## BACKGROUND

Araujo and his co-defendant, Mack, began sending each other messages about sexually abusing children.  (CR No. 55 at 3.)  They traded photographs and videos of child pornography.  (*Id.*)

Araujo and Mack then began discussing their desire to sexually abuse the three-year old son of Araujo's roommate.  (*See id.*; *see also* PSR ¶ 26.)  Two days later, Araujo sent Mack a picture he had taken of the boy showing the victim's genitals protruding from his shorts.  (CR No. 55 at 3.)  Araujo wrote to Mack: "Grr." (*Id.*)  Araujo sent Mack two more photos of the three-year old victim.  (*Id.*)  When Mack asked Araujo for a video, Araujo filmed himself touching the child's genitals and sent the video to Mack. (*Id.*)   Araujo also had other victims.  For example, he videoed himself receiving oral sex from a different minor.  (*Id.* at 4.)

---

[1]  "CV No. __" refers to the docket number of this Section 2255 action.  "CR No. __" refers to the docket number of the underlying criminal proceeding, *United States v. Araujo*, 3:16-CR-478-M (2) (N.D. Tex.). "PSR" refers to the presentence report, which is docketed at CR No. 68-1.

A grand jury charged Araujo with four crimes, (CR No. 39), but he negotiated a plea agreement to two, (CR No. 54).  By written plea agreement, Araujo pled guilty to conspiring to produce child pornography, in violation of 18 U.S.C. §§ 2251(a), (e), and to transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1).  (*See* CR No. 54 (Plea Agreement); CR No. 55 (Factual Resume).)

At sentencing, this Court sustained Araujo's counsel's PSR objections.  (CR No. 135 at 7.)  Even so, Araujo's offense level was 43—the maximum offense level under the guidelines.  (*Id.*)  Although that offense level called for a recommended sentence of life, the guideline range was capped by statute at 600 months.  (*See* PSR ¶¶ 103-04.)  This Court varied downward from that recommendation and sentenced Araujo to 360 months on Count One, consecutive to 120 months on Count Four—a total of 480 months.  (CR No. 116 (Judgment); *see also* CR No. 135 at 76 (recognizing that the Court's sentence was a "substantial variance in terms of the number of years").)

Araujo appealed, but his counsel filed an *Anders* brief.  The Fifth Circuit agreed that Araujo's case presented no non-frivolous issues and dismissed his appeal.  *See United States v. Araujo*, 745 F. App'x 541 (5th Cir. 2018)

Araujo's timely Section 2255 motion claims that his counsel was ineffective during the plea stage, at sentencing, and on direct appeal.  (*See* CV No. 1 at 4-6; *see also* CV No. 2.)

2

## ARGUMENT AND AUTHORITIES

### Section 2255

Under 28 U.S.C. § 2255, a prisoner may apply to the convicting court to vacate, set aside, or correct his conviction or sentence if it was imposed in violation of the Constitution or the laws of the United States.  A Section 2255 motion, however, "may not do service for an appeal."  *United States v. Frady*, 456 U.S. 152, 165 (1982).  After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the applicant "stands fairly and finally convicted."  *Id*. at 164.

Section 2255 motions do not automatically require a hearing.  *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).  No evidentiary hearing is needed if the movant's showing consists of mere "conclusory allegations," "or is otherwise inconsistent with the bulk of his conduct."  *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018).

### Discussion

**1.     Araujo's claims of pre-plea ineffective assistance are meritless.**

Araujo claims that his counsel was ineffective pre-plea by failing to (1) communicate with him and advise him of the "relevant circumstances and likely consequences" of pleading guilty, (CV No. 2 at 17); (2) file any "substantive" pre-trial motions, (*id.* at 21); (3) conduct an "adequate" pretrial investigation, (*id.* at 23); and (4) failing to negotiate a "favorable" plea agreement, (*id.* at 26).  These claims fail because Araujo has not shown deficient performance and because he has made no attempt to establish prejudice.

3

Araujo's ineffective-assistance claims are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must prove his counsel's performance was deficient by identifying specific acts or omissions that were not the result of reasonable professional judgment.  *Id.* at 690.  Second, Araujo must prove that his counsel's deficient performance resulted in prejudice.  *Id.* at 686.  Because Araujo pled guilty, "[i]n order to satisfy the 'prejudice' requirement, [he] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### A.      There is no merit to Araujo's claim that his counsel failed to communicate.

Araujo complains that his trial counsel repeatedly urged him to plead guilty to avoid a longer prison sentence, (CV No. 2 at 18-21), but he has failed to show that counsel's advice was objectively unreasonable.  Indeed, counsel's prediction—that Araujo faced a longer prison sentence if he proceeded to trial—was an accurate risk of proceeding to trial on all four counts of the superseding indictment instead of pleading guilty to two counts.  (*See* PSR ¶ 105 (setting out the benefits Araujo received by pleading guilty and the risks he faced of being found guilty at trial).)  And because the evidence against him was overwhelming, (*see* PSR ¶¶ 11-20), counsel was correct that a jury would almost certainly find Araujo guilty.  The Fifth Circuit has emphasized that "a defense lawyer's stern warnings about the client's chances of success at trial, the potential for prison time, and the lawyer's potential withdrawal do not compromise voluntariness."  *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002).  Because

4

Araujo has failed to show that counsel's advice was wrong, he cannot succeed on his claim that his counsel was ineffective in urging him to plead guilty.

In addition, Araujo ticks off a list of complaints, including that his counsel failed to (1) visit him more often, (2) inform him about "court dates, motions, or anything," and (3) explain the "general strategy and prospects of success and the likely result in the sentence he would receive."[2]  But nowhere does he allege prejudice—that is, that he would have insisted on a trial had counsel acted differently.  *See Hill*, 474 U.S. at 59.  Araujo's failure to even allege prejudice is fatal to his claim for relief.  *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc) (holding that, at a minimum, the movant must "allege a non-frivolous prejudice claim").

Moreover, there is no evidence in this record on which Araujo could show that he would have proceeded to trial on all four counts.  "The Supreme Court has advised that '[c]ourts should not upset a plea solely because of post hoc assertions from a defendant

---

[2] Araujo also claims that his lawyer never told him "about the timeliness of the plea offer," (CR No. 2 at 18), and he later suggests that the government would have allowed him to plead guilty to a single count if he had agreed to plead guilty earlier, (*see id.* at 20).  To the extent that Araujo's motion can be read as claiming that his counsel failed to convey the terms of an earlier plea offer, *see Missouri v. Frye*, 566 U.S. 134, 145 (2012), any such claim fails.  In *Lafler v. Cooper*, the Supreme Court addressed how to measure prejudice "when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome."  566 U.S. at 160.  To show prejudice under *Lafler*, Araujo must show that but for the ineffective advice of counsel there is a reasonable probability that the earlier plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.  *Id.* at 164.  Araujo cannot make any of the three *Lafler* showings—and his claim fails because he makes no attempt to satisfy the first.  Nowhere does Araujo claim that he was willing to accept any earlier plea offer.  To the contrary, he claims that he "kept insisting on wanting to go to trial," but that his counsel repeatedly urged him to plead guilty.  (CV No. 2 at 20.)  Thus, to the extent that his motion can be read as attempting to raise a claim under *Lafler* or *Frye*, that claim would fail.

about how he would have pleaded' but 'should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.'" *United States v. Lozano*, 757 F. App'x 348, 353 (5th Cir. 2018) (quoting *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)). "'[C]ontemporaneous evidence' is the key." *United States v. McClinton*, 782 F. App'x 312, 314 (5th Cir. 2019).

Araujo has pointed to no contemporaneous evidence that would show that he would have gone to trial on the charged counts, and there is none in this record. For example, Araujo never moved to replace his lawyer or withdraw his guilty plea. *Cf. United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). Rather, Araujo swore that he was fully satisfied with his counsel's "advice and [] representation," (CR No. 132 at 14), and was "sorry for what [he has] done, sorry for the people that [he] hurt," (CR No. 135 at 55.) Moreover, Araujo received a substantial benefit by pleading guilty. Instead of going to trial on four counts against overwhelming evidence, and facing an even higher advisory-guideline range and statutory-maximum punishment, Araujo limited his sentencing exposure by pleading guilty to two counts. (*See* PSR ¶ 105.) Because Araujo has not alleged, let alone offered contemporaneous evidence to show, that he would have insisted on a trial had his counsel communicated differently, this Court should reject his claim.

**B.     There is no merit to Araujo's claim that his counsel failed to file "any substantive pretrial motions."**

Araujo faults his trial counsel for failing to file any "substantive pretrial motions"—including a motion to exclude evidence of prior bad acts under Federal Rule of Evidence 404(b), for discovery, or for any *Brady* or *Giglio* material.

Because Araujo did not go to trial, there was no occasion for his counsel to move to exclude evidence of his prior bad acts.  In fact, Araujo, who had suffered no prior convictions (*see* PSR ¶¶ 66-68), does not even bother to explain what prior-bad-act evidence his counsel should have sought to exclude from his mythical trial.  Because a defense attorney is under no constitutional duty to file frivolous motions, *see United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999), Araujo's claim fails.

The same is true of counsel's decision not to file a motion seeking the production of material under *Brady v. Maryland*, 373 U.S. 83 (1963) and/or *Giglio v. United States*, 405 U.S. 150 (1973).  Araujo does not identify any exculpatory information that would have been discovered had his counsel filed a motion under *Brady* or *Giglio*.  Nor has he explained how the filing of such a motion would have altered his decision on whether to plead guilty.  His conclusory allegations are insufficient as a matter of law, so this Court should reject his claim.

Similarly, Araujo has failed to show that his counsel was deficient in failing to file a motion for discovery.  Araujo has made no effort to explain: (1) under what rule or statute his counsel should have sought discovery, (2) what discovery or evidence his counsel did have, and (3) most importantly, what discovery he claims his counsel should

have sought that he did not already have.[3]  Nor has he endeavored to show that such a

motion would have yielded any additional disclosure.  *But see, e.g.*, *United States v.*

*Burke*, No. 3:12-CR-318-D (1), 2014 WL 6633040, at *5 (N.D. Tex. Nov. 24, 2014)

(denying Burke's motion for discovery "that the government is required, or has offered,

to disclose under Rules 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady*

and its progeny, and/or *Giglio* and its progeny").

Moreover, Araujo draws no link between any such discovery that he

hypothetically would have obtained and his decision to plead guilty.  Nor does he point to

any evidence to claim that—had he seen it earlier—he would have insisted on a trial.

Because Araujo has made no effort to show prejudice stemming from counsel's alleged

deficiency, his claim fails.  *See, e.g.*, *Medrano v. United States*, No. 3:08-CV-2250-N,

2009 WL 1181070, at *2 (N.D. Tex. May 1, 2009) (rejecting the movant's habeas claim

where "the § 2255 motion lists numerous types of pre-trial motions that trial counsel

could have filed, [but] fails to provide any details whatsoever as to the applicability of

any of the mentioned motions" and also failed to show prejudice).

### C.    Araujo's failure-to-investigate claim is meritless.

Araujo's claim that his counsel failed to "research the case law," "interview

witnesses," or "investigate the facts" fails as conclusory.  (*Cf.* CV No. 2 at 23.)  "A

defendant who alleges a failure to investigate on the part of his counsel must allege with

---

[3] Araujo seems to concede elsewhere that his counsel reviewed discovery in this case.  (*See* CV No. 2 at 23-34 (claiming that counsel "read[] the government's case file and discuss[ed] it with the government prosecutor").)

specificity what the investigation would have revealed and how it would have altered the outcome" of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

Here, Araujo has failed to explain what law counsel failed to research or what witnesses counsel failed to interview. Nor has he offered a theory on how those efforts would have altered the outcome of his case. Thus, this Court should summarily reject his conclusory claims.

Araujo does specifically allege that counsel failed to hire a computer expert, who could have proved Araujo's "innocence" by confirming that (1) there was no additional child pornography on Araujo's electronic devices, and (2) "that the picture was a fake." (*See* CV No. 2 at 24-25.) This claim fails for several reasons.

First, "complaints of uncalled witnesses are not favored" on collateral review because "allegations of what a witness would have testified [to] are largely speculative." *Buckalew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). "To prevail on an ineffective assistance claim based upon uncalled witnesses, an applicant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). Araujo fails to identify any particular computer expert, much less provide verification of any proposed testimony and demonstrate that it would have been favorable to the extent that it would have had some impact on the outcome of his case. His failure to name an expert witness who was willing to offer an exculpatory opinion is fatal to his claim.

Second, any suggestion here that the child pornography Araujo filmed himself creating was "fake" is absurd—and it is overwhelmingly undermined by Araujo's sworn statements, both in his factual resume and at rearraignment.[4]  Specifically, in addition to admitting to the details of how he took pictures and videos of himself sexually assaulting a three-year old, Araujo admitted that he "enticed . . . [the victim] into engaging in sexually explicit conduct" and did so "with the purpose of producing a visual depiction or transmitting a live visual depiction of such conduct."  (CR No. 55 at 5, ¶ 11.)  The same holds true with the second video that Araujo made, which also depicted him sexually abusing a minor boy.  For that video, too, Araujo admitted that "he knew the John Doe 2 Video was child pornography because Araujo created the John Doe 2 Video by filming John Doe 2, who Araujo knew to be a minor child, perform oral sex on Arajuo."  (CR No. 55 at 6, ¶ 15.)  Moreover, under oath at his rearraignment hearing, Araujo swore to this Court that all of the facts set out in his factual resume were true.  (CR No. 132 at 20.)

Courts in this Circuit "generally will not allow a defendant to contradict his testimony given under oath at a plea hearing."  *McDaniels*, 907 F.3d at 371.  Nor will courts credit a defendant's mere "contrary assertions" after he has admitted, under oath,

---

[4] It is further undermined by the statements of the parents of Araujo's victims.  As this Court recounted at sentencing:

> This father of this child will live in anguish for the rest of his life.  He sounds from his communication like a pariah in his own family, that he allowed you [Araujo] to abuse his son.  There could be nothing worse than how he must feel about having left his child in your clutches to abuse him as you would.  And there's no erasing that.  He's going to take responsibility for that, as he probably should, that someone he knew not very well was in charge of his child.  But he couldn't have imagined the horror that would be subjected -- that his son would be subjected to.

(CR No. 135 at 73-74.)

to committing an element of the offense.  *See United States v. Smith*, 945 F.3d 860, 864 (5th Cir. 2019) (affirming the denial of an ineffective-assistance claim based on counsel's failure to test the government's proof on an element where the defendant admitted under oath to satisfying that element).  Applying those well-settled habeas principles here, this Court should reject Araujo's suggestion that an expert could determine that the child pornography was "fake."

In sum, Araujo is entitled to no relief on his claim that his counsel was ineffective for failing to hire a computer expert.

### D.    Araujo has failed to show that his counsel led him into an unknowing or involuntary plea.

This Court should reject Araujo's claim that his lawyer was ineffective for leading him into an unknowing and involuntary plea because Araujo has failed to identify a single piece of bad advice regarding the plea.  Except one, all Araujo's allegations are fatally vague and conclusory.  For example, Araujo alleges that his lawyer "misrepresented material facts," (CV No. 2 at 30), misinformed Araujo of the "likely consequences of pleading guilty," (*id.* at 29), and failed to inform him of the "substance of the plea agreement," (*id.*).  Not once, however, does Araujo explain how he was misled.  He fails to identify a single fact that his counsel misrepresented, what his counsel failed to tell him about the plea agreement's "substance," or how his counsel misled him about the consequences of pleading guilty.  Simply making "conclusory allegations" of deficient performance and prejudice is insufficient to meet the *Strickland* test.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).  This Court should reject Araujo's attempt to

set aside his valid, bargained-for plea on the basis of his conclusory allegations of ineffective assistance of counsel.

Araujo does specifically complain that his lawyer told him that he would lose at trial and be sentenced to life in prison, (CV No. 2 at 28), but Araujo cannot show that such advice was erroneous. The evidence against Araujo was overwhelming, and a conviction on all four counts at trial would have resulted in an advisory guideline range of more than 86 years in prison—the functional equivalent of a life sentence. (*See* PSR 105.) As explained above, "a defense lawyer's stern warnings about the client's chances of success at trial, the potential for prison time, and the lawyer's potential withdrawal do not compromise voluntariness." *Cothran*, 302 F.3d a 284.

Moreover, a review of this record leaves no doubt that Araujo's plea was knowing and voluntary. A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A guilty plea is made intelligently when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks and citation omitted). A guilty plea is voluntary if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

At rearraignment, this Court made sure that Araujo understood the elements of the offenses to which he was pleading guilty.  (CR No. 132 at 13-14.)  Under oath, he affirmed that he understood.  (*Id.* at 13.)  This Court also explained the mechanics of federal sentencing—including the statutorily-prescribed penalty ranges, the role of the advisory guidelines, and the discretion of the sentencing judge.  (*Id.* at 10-11, 16-17.)  Araujo swore that he understood those explanations, too.  (*Id.* at 11-12, 17-18.)  And he swore that his plea was not the result of any promises or coercion.  (*Id.* at 15.)  On this record, the Court should reject Araujo's claim that his counsel led him into an unknowing or involuntary plea.

In sum, there is no merit to any of Araujo's numerous claims of pre-plea ineffective assistance.

**2.      The Court should reject Araujo's claims regarding counsel's performance at sentencing.**

This Court should reject as conclusory Araujo's claim that his counsel "did not properly review, discuss, [or] explain the PSR adequately."  (*Cf.* CV No. 2 at 31.)  Araujo concedes that he and his lawyer went over his PSR, (*see id.*), and he fails to identify any information that his lawyer omitted from that discussion.  Moreover, Araujo has made no attempt to explain how his counsel's alleged failures caused him prejudice.  Araujo's bald allegations of inadequate representation do not raise a constitutional issue, *see Miller*, 200 F.3d at 282, and this Court should summarily reject them.

Araujo next claims that his counsel failed to (1) move for a downward variance, (CV No. 2 at 32), (2) "defend him," (*id.* at 31), (3) offer a report from Araujo's expert

purporting to show that his risk of reoffending was low, (*id.* at 32), and (4) "argue objections to the PSR," (*id.* at 33).  But the record contradicts each of these four claims—indeed, counsel took every action about which Araujo now complains.

Araujo's counsel filed a sentencing memorandum and a request for a downward variance—and the Court reviewed both as it prepared to impose the sentence in this case. (*See* CR No. 135 at 11 ("I have Mr. Araujo's sentencing memorandum and request for downward variance.").)  Araujo's counsel objected to the PSR.  Indeed, the government agreed with that objection, and the Court accepted it—even so, Araujo's offense level still exceeded 43.  (*See id.* at 6-7.)

And Araujo's counsel both submitted a report from Dr. Flynn, (*see* CR No. 135 at 33), and offered him as an expert at the sentencing hearing, where he testified that Araujo represented a low risk of reoffending, (*id.* at 18-49).  This Court disagreed with Dr. Flynn's conclusion, (*id.* at 62), but the fact that counsel's arguments were not successful does not make him ineffective.  *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983).  Because Araujo has failed to show deficient performance, this Court should summarily reject his claims of ineffective assistance at sentencing.

Araujo's claims fail for a second reason:  He has made no real effort to establish prejudice.  Araujo's conclusory allegation—that, had his counsel performed differently, there is a "reasonable probability that Araujo would have received a less harsh sentence," (CV No. 2 at 33)—is both insufficient as a matter of law and overwhelmingly belied by the record.  The sentencing hearing transcript spans 84 pages.  (*See generally* CR No. 135.)  It makes clear that this Court carefully considered all of the arguments about which

14

Araujo now complains and thoughtfully balanced the factors set out in 18 U.S.C. § 3553(a).  (*Id.* at 73-77.)  In doing so, this Court varied *downward* by 120 months from the sentence recommended by the guidelines.  (*See id.* at 76 ("That is a substantial variance in terms of the number of years, Ms. Hoxie.  I recognize that. But that's still a very long sentence, and the Court considers that to be an appropriate difference between the sentence that the Court has imposed on Mr. Mack and the sentence that I am imposing on Mr. Araujo.").)  On this record, Araujo cannot show that any additional argument would have resulted in an even lower sentence.  Nor can he show that his counsel should have objected to the Court's sentence as "substantively unreasonable" given that a within-guideline sentence would be presumptively reasonable, and he received a sentence even lower than that.  (*Cf.* CV No. 2 at 32); *see also United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (noting that a within-guideline sentence is presumptively reasonable).

**3.     Araujo has failed to show that he received ineffective assistance on appeal.**

Araujo complains that appellate counsel did not adequately consult with him in a manner that permitted him to participate in his appeal, and he claims that there were a "plethora" of issues that could have been raised, but he identifies only three: (1) the knowing and voluntary nature of his guilty plea, (2) a purported error to advise him under Rule 11, and (3) a purported failure to comply with Rule 32 at sentencing.

Appellate counsel "does not need to raise every nonfrivolous ground of appeal available." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  Instead, counsel must identify only "[s]olid, meritorious arguments based on directly controlling precedent." *Id.*  As previously discussed, the record shows that Araujo's guilty plea was

knowing and voluntary.  (*See supra* p. 12.)  Any direct appeal challenging the knowing and voluntary nature of his plea would have failed in light of his sworn statements at rearraignment.  *See Cothran*, 302 F.3d at 284.  Araujo's counsel was not constitutionally ineffective for refusing to present that frivolous argument to the Fifth Circuit.

Araujo also complains that his counsel failed to appeal from alleged violations of Rule 11.  (CV No. 2 at 34.)  But there was no Rule 11 violation, so there was no basis to appeal.  Araujo complains that this Court failed to follow the strictures of Rule 11(c)(3) by failing to "explicitly advise" him that the Court could accept, reject, or defer ruling on the plea.  (CV No. 2 at 36.)  The plain language of Rule 11(c)(3)(A) does not require that the Court "explicitly advise" the defendant of its options.  Rather, the Rule merely sets out a district court's options when faced with a plea agreement under Rule 11(c)(1)(A) or 11(c)(1)(C).  Under the Rule, the court may "the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report."  Moreover, even if there was error (there was not), it would be reviewed only for plain error on appeal.  *See, e.g.*, *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (holding that "that a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea").  He can show no probability that he would have rejected the plea but for any purported failure to explicitly advise him that the district court could accept or reject the plea.  His counsel was not ineffective for failing to press that frivolous argument.

Araujo similarly complains that the Court failed to "inform" him that the disposition would be reflected in the Court's judgment—a violation, he purports, of Rule 11(c)(4).  Even if Araujo could establish a technical violation of Rule 11(c)(4), that would not amount to plain error so as to prevail on appeal.  *See United States v. Fripp*, No. 09-4541, 2010 WL 283043, at *1 (4th Cir. 2010) ("[T]he district court substantially complied with Rule 11 in accepting Fripp's plea, and the court's failure to inform Fripp that 'the agreed disposition will be included in the judgment,' *see* Fed. R. Crim. P. 11(c)(4), did not amount to plain error."); *see also United States v. Trowbridge*, 335 F. App'x 416, 418 (5th Cir. 2009) ("Even if the district court failed to comply with the requirements of Fed. R. Crim. P. 11(c)(4) insofar as the plea agreement provided that the Government would not bring any other charges, there is nothing in the record to indicate that the Government has filed or intends to file any other charges against Trowbridge. Trowbridge has failed to show that, but for the Rule 11 error, he would not have pleaded guilty.").

Araujo fails to show why or how being advised that this court's judgment would reflect the terms spelled out in his plea agreement would have impacted him whatsoever, and thus he fails to show that this was a meritorious issue for appeal.  That is especially true where Araujo's plea agreement made clear that the government would move to dismiss the remaining counts of the indictment, (CR No. 54 at 6, ¶ 9), and Araujo admitted that he understood as much, (CR No. 132 at 15).  (*See also* CR No. 132 at 15 ("Do you understand if your guilty pleas are accepted you will be adjudged guilty of Counts One and Four of the superseding indictment[?]").  Because Araujo was fully

aware that, if the Court accepted the agreement, the dismissed counts would be reflected in the Court's judgment, he could not prevail on plain error review. *See Dominguez Benitez*, 542 U.S. at 83.

Moreover, because Araujo could not make any colorable argument that a technical failure to follow Rule 11(c)(4) rendered his plea either unknowing or involuntary, any appeal that this Court erred under that Rule would have been barred by the waiver provision in his plea agreement. (CR No. 54 at 6, ¶ 12.) Therefore, Araujo cannot show that his appellate counsel was constitutionally ineffective for failing to raise that argument.

Finally, Araujo claims that his counsel should have appealed on the basis that this Court violated Rule 32 at sentencing by to confirm (1) that Araujo timely received the PSR, and (2) had read the PSR. This Court complied with Rule 32 at sentencing. (*See* CR No. 135 at 10.) And any appeal arguing otherwise would have been summarily dismissed on account of Araujo's appeal waiver. *See, e.g.*, *United States v. Eikelboom*, 609 F. App'x 224, 225 (5th Cir. 2015) (dismissing as waived claims of Rule-32 error). Araujo cannot show that his counsel was deficient for failing to argue otherwise, nor can he show any likelihood of a different result had counsel pressed these meritless claims on appeal.

## CONCLUSION

The motion should be denied.

> Respectfully submitted,
>
> Erin Nealy Cox
> United States Attorney
>
> *s/ Jonathan Bradshaw*
> Jonathan Bradshaw
> Assistant United States Attorney
> Colorado Bar No. 43838
> 1100 Commerce Street, Third Floor
> Dallas, Texas 75242
> Telephone: (214) 659-8600
> jonathan.bradshaw@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on April 6, 2020, I filed this response with the clerk of court for the U.S. District Court, Northern District of Texas.  I also certify that a copy of this response was sent to Javier Giovanni Araujo, Register Number 55034-177, Coleman II USP, P.O. Box 1034, Coleman, Florida 33521, by certified mail.

> *s/ Jonathan Bradshaw*
> Jonathan Bradshaw
> Assistant United States Attorney