IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER GIOVANNI ARAUJO, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:19-cv-02498-M-BT |
| v. | § | No. 3:16-cr-00478-M-2 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Javier Giovanni Araujo, a federal prisoner, filed a *pro se*
motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255.
The District Court referred the resulting civil action to the United States
magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of
reference. For the following reasons, the Court should deny Araujo's § 2255
motion.

## Background

Araujo pleaded guilty, pursuant to a written plea agreement, to two
counts of a four-count superseding indictment charging him with conspiracy
to produce child pornography in violation of 18 U.S.C. § 2251(a) and (e)
(count one) and transportation of child pornography in violation of 18 U.S.C.
§ 2252A(a)(1) (count four). At sentencing, the District Court held Araujo
accountable for 43 images and 429 videos that depict the sexual exploitation

1

and abuse of minor children, as well as 32,218 images of child pornography. PSR ¶ 21. With a total offense level of 43 and a Criminal History Category of I,[1] the guidelines directed a life sentence. PSR ¶ 104 (citing U.S.S.G. § 5G1.2(b)). However, Araujo's guideline range was statutorily capped at 600 months' imprisonment, PSR ¶ 104, and the District Court ultimately varied downward and sentenced Araujo to a total term of 480 months' imprisonment. He received 360 months' imprisonment on count one and 120 months' imprisonment on count four, with the terms to run consecutively.

Araujo appealed to the Fifth Circuit Court of Appeals. His appellate attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011).[2] The Fifth Circuit concurred with his attorney's assessment that the appeal did not present a nonfrivolous issue for appellate review, and it dismissed the appeal. *See United States v. Araujo*, 745 F. App'x 541 (5th Cir. 2018).

Thereafter, Araujo filed this § 2255 motion (CV ECF No. 1) and a memorandum in support (CV ECF No. 2), in which he argues:

(1)   His retained trial attorney, Paul Saputo, provided ineffective assistance of counsel prior to his plea when he

---

[1] The Court determined Araujo had a criminal history score of zero. PSR ¶ 68.

[2] An *Anders* brief serves two purposes: (1) it serves as proof that counsel reviewed the case; and (2) it guides the court in determining there is no need for an adversarial hearing. *Anders*, 386 U.S. at 744-45.

     a. failed to communicate with Araujo and did not inform him of the relevant and likely consequences of pleading guilty,

     b. failed to file any substantive pretrial motions,

     c. failed to conduct an adequate and independent pretrial investigation, and

     d. failed to attempt to negotiate a favorable plea agreement.

(2) Saputo provided ineffective assistance of counsel at sentencing when he

     a. failed to review, discuss, and explain the Presentence Report (PSR),

     b. failed to file substantive objections to the PSR, and

     c. failed to argue for mitigation of punishment and object to his sentence as being substantively unreasonable.

(3) His appellate attorney, Cory Lee Carlyle, provided ineffective assistance of counsel when he

     a. failed to communicate with Araujo about his appeal,

     b. failed to allow him to participate in his appeal, and

     c. filed an *Anders* brief and failed to raise stronger issues that were available.

The Government argues Araujo's claims that his attorney rendered ineffective assistance of counsel are meritless, and the Court should deny his motion with prejudice. Araujo filed a reply, and the motion is now fully-briefed and ripe for determination.

**Legal Standards and Analysis**

To prevail on a claim of ineffective assistance of counsel, a movant must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if a movant proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

1.   <u>Araujo fails to demonstrate that his trial attorney provided ineffective
assistance of counsel prior to his plea.</u>

Araujo initially argues that Saputo provided ineffective assistance of counsel before he entered his plea when Saputo failed to (1) communicate with him and advise him of the "relevant circumstances and likely consequences" of pleading guilty, ([CV ECF No. 1 at 4](); [CV ECF No. 2 at 17]()): (2) file any "substantive pretrial motions" ([CV ECF No. 1 at 4](); [CV ECF No. 2 at 21]()); (3) conduct any "adequate and independent" pretrial investigation ([CV ECF No. 1 at 4](); [CV ECF No. 2 at 22-25]()); and (4) attempt to negotiate a "favorable" plea agreement ([CV ECF No. 1 at 4](); [CV ECF No. 2]()6-31). As addressed below, each of these ineffective assistance of counsel claims fails under both prongs of the *Strickland* standard.

a. Saputo's alleged failure to communicate

Araujo argues that Saputo failed to communicate with him and advise him of the relevant circumstances and likely consequences associated with pleading guilty. Mot. 4 ([CV ECF No. 1]()); Mem. 17-21 ([CV ECF No. 2]()). He further argues that Saputo threatened that he would receive a life sentence if he chose to go to trial and pushed him to plead guilty from the "very beginning, without investigating the facts of [his] case." Mem. 18, 20 ([CV ECF No. 2]()). Araujo contends that "[r]easonable communication between the lawyer and the client is necessary for the client effectively to participate in the representation." Mem. 19 ([CV ECF No. 2]()). He further contends that

because Saputo did not communicate with him, he was not allowed to effectively participate in his defense, a violation of Rule 1.4 of the Texas Rules of Professional Conduct. *Id.* Araujo claims that Saputo only met with him on three occasions, and each visit lasted only fifteen to twenty minutes. *Id.* He further claims that Saputo sent people from his law firm to meet with him, such as an intern or a new person who was not familiar with his case. *Id.* 20. Araujo concludes that communication with Saputo was inadequate because he "failed to consult and explain the general strategy and prospects of success." *Id.* 21.

Araujo has failed to demonstrate that Saputo's actions were not the result of a reasonable judgment call made under the circumstances. Under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021).

Araujo has also failed to demonstrate prejudice. *See Strickland*, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error

had no effect on the judgment."). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "In the context of a guilty plea, a movant shows prejudice by establishing that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *United States v. Crain*, 877 F.3d 637, 646 (5th Cir. 2017); *see also United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004)). Araujo fails to demonstrate, much less allege, prejudice from Saputo's alleged failure to communicate. This alone is fatal to his ineffective assistance of counsel claim. *See United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc) (finding that the movant "failed to allege a non-frivolous prejudice claim" and his case was therefore subject to summary dismissal).

Additionally, there is no record evidence demonstrating that if Saputo had communicated more, Araujo would have proceeded to trial on all four counts in the superseding indictment. *See* (CR ECF No. 39). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's

7

expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017); *see also United States v. Valdez*, 973 F.3d 396, 403 (5th Cir. 2020); *United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate contemporaneous comments at the plea hearing). When a court evaluates whether a defendant would have gone to trial, the factors it considers include "the risks [he] would have faced at trial," "his 'representations about his desire to retract his plea,'" and "the district court's admonishments." *Batamula*, 823 F.3d at 240 n.4 (quoting *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014)). "'[C]ontemporaneous evidence' is the key." *United States v. McClinton*, 782 F. App'x 312, 314 (5th Cir. 2019) (per curiam) (quoting *Lee*, 137 S. Ct. at 1965).

Araujo has failed to point to any contemporaneous evidence demonstrating that he would have gone to trial on the four counts charged in the superseding indictment. Likewise, the record contains no such evidence. For example, at that time, Araujo did not move to replace Saputo or otherwise move to withdraw his guilty plea. *See Cavitt*, 550 F.3d at 441 (finding there was insufficient evidence to establish that movant's ineffective assistance of counsel claim was without merit where movant fired his attorney, without delay, and hired another in hopes of successfully withdrawing his plea prior to sentencing). Rather, Araujo stated, under oath, that he was fully satisfied with Saputo's "advice and [ ] representation," (CR

ECF No. 132 at 14). He also stated that he was "sorry for what [he had] done, sorry for the people that [he] hurt." (CR ECF No. 135 at 55.) Moreover, Araujo received a substantial benefit by pleading guilty. If he had chosen to go to trial, he would have faced all four counts charged in the superseding indictment, and there was overwhelming evidence against him. Araujo limited his sentencing exposure by pleading guilty to counts one and four of the superseding indictment, and the Government agreed to dismiss counts two and three. *See* PSR ¶ 105 (noting that "Counts 2 and 3 both had statutory maximum terms of imprisonment of 20 years and would have increased the defendant's maximum exposure of imprisonment by 20 years on each count. Accordingly, the defendant benefitted 480 months by entering into the Plea Agreement."). Therefore, Araujo's claim that Saputo did not communicate with him fails under both prongs of the *Strickland* standard, and it should be denied.

Araujo argues that Saputo did not tell him "about the timeliness of the plea offer." Mem. 18 (ECF No. 2). He further argues that the Government would have allowed him to plead guilty to a single count if he had agreed to plead guilty earlier. *Id.* 20. To the extent that Araujo is alleging that Saputo failed to convey the terms of an earlier plea offer in violation of *Missouri v. Frye*, 566 U.S. 134, 145 (2012), his claim fails. In *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court addressed ineffective assistance of counsel resulting from the rejection of a plea offer where the defendant is ultimately

convicted at trial. To demonstrate the requisite prejudice under *Strickland*, "[1] a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 164. Araujo has failed to make any of the showings required to demonstrate prejudice under *Lafler*. Most significantly, he fails to come forward with a demonstration under the first element. Rather, Araujo states that he "kept insisting on wanting to go to trail [sic]," but his attorney repeatedly urged him to plead guilty. Mem. 20 (CV ECF No. 2). Consequently, to the extent his motion can be liberally construed as raising a claim under *Lafler or Frye*, the claim fails. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (recognizing that *pro se* pleadings "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal quotation marks omitted).

   b. Saputo's alleged failure to file substantive pretrial motions

   Next, Araujo argues that Saputo failed to file any "substantive pretrial motions," which would have allowed him to determine the strength of the Government's case. Mem. 21 (CV ECF No. 2); Mot. 4 (CV ECF No. 1). He

further argues that Saputo should have filed a motion for discovery, a request for Rule 404(b) evidence, and a motion for material under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Mem. 21 (CV ECF No. 2). Araujo contends that such pretrial motions are "essential in the development and evaluation" of a case, and Saputo's failure to file those motions precluded him from making an informed decision to plead guilty or go to trial. *Id.* 22. Finally, Araujo contends that Saputo failed to review the Government's evidence with him. *Id.* 21.

Araujo pleaded guilty, so there was no reason for Saputo to move to exclude evidence of prior bad acts under Rule 404(b). Moreover, Araujo had no prior convictions, PSR ¶¶ 66-68, and he fails to explain what prior evidence of bad acts Saputo should have moved to exclude from a hypothetical trial. Likewise, Saputo had no duty to file a meritless motion. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Heard v. United States*, 2019 WL 5894823, at *3 (N.D. Tex. Nov. 12, 2019). Accordingly, Saputo did not provide deficient performance by failing to file a Rule 404(b) motion in this case.

Araujo has failed to show that a motion under *Brady* and/or *Giglio* was necessary. Under *Brady*, the prosecution must turn over evidence favorable to the accused upon request. *Brady*, 373 U.S. at 87. Under *Giglio*, when the government knows or should have known that testimony going to the credibility of a key prosecution witness is inaccurate, and it fails to

correct that testimony at trial, a conviction must be set aside where there is any reasonable likelihood that the false testimony could have affected the outcome of the trial. *Garrison v. Maggio*, 540 F.2d 1271, 1275 n.1 (5th Cir. 1976) (Wisdom, J., dissenting). Araujo fails to identify any exculpatory information that would have been discovered if Saputo had filed a motion under *Brady* and/or *Giglio*. He also fails to explain how failing to file a *Brady* and/or *Giglio* motion prejudiced him. Specifically, he fails to allege that if the *Brady* and/or *Giglio* motion had been filed it would have altered his decision to plead guilty, and he would have proceeded to trial. Rather, Araujo presents only conclusory allegations in support of his argument, and they fail as a matter of law. *See United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989) ("mere conclusory allegations on a critical issue" are insufficient to support § 2255 relief); *see also United States v. Daniels*, 12 F.Supp.2d 568, 575–76 (N.D. Tex. 1998) (conclusory allegations cannot serve as the basis for a claim of ineffective assistance of counsel) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

Araujo has also failed to show that Saputo provided ineffective assistance of counsel by failing to file a motion for discovery. "[T]he courts assume that the sole purpose of discovery is to assist in trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). Araujo pleaded guilty and did not proceed to trial, so it was unnecessary for Saputo to file a motion for discovery. Additionally, his argument is so conclusory

that it is legally insufficient. *See Woods*, 870 F.2d at 288 n.3; *see also Daniels*, 12 F.Supp.2d at 575–76. For instance, Araujo fails to suggest the legal basis on which Saputo should have sought discovery, what discovery existed that his attorney did not have, and what results a discovery motion would have produced.

Araujo has failed to demonstrate prejudice. Specifically, he fails to show, much less allege, that if Saputo had filed a motion seeking discovery it would have led him to plead not guilty and proceed to trial. *See Hill*, 474 U.S. at 59; *see also Cavitt*, 550 F.3d at 441 ("In order '[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'") (quoting *Bond*, 384 F.3d at 167-68). Araujo has failed to demonstrate prejudice, and for this reason alone, his claim fails under *Strickland. See Medrano v. United States*, 2009 WL 1181070, at *2 (N.D. Tex. May 1, 2009) (finding that movant's claim failed because he failed to explain "what prejudice, if any, he endured as a result of counsel's failure to file pretrial motions"); *see also Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995) ("[A] court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."); *Okechuku v. United States*, 2021

13

WL 2690091, at *9 (N.D. Tex. June 14, 2021) (same), *rec. adopted*, 2021 WL 2685283 (N.D. Tex. June 30, 2021).

c. Saputo's alleged failure to investigate

Next, Araujo argues that Saputo provided ineffective assistance of counsel by failing to conduct an adequate and independent pretrial investigation. Mem. 22-25 (CV ECF No. 2). He claims that Saputo failed to perform a reasonable independent investigation, research case law, interview witnesses, and investigate the facts of the case. *Id*. 23. Araujo claims there was no investigation to challenge the Government's case. *Id.* He further claims that a proper investigation into his computer and phones could have proven his innocence. *Id*. 24. Araujo contends that he wanted to prove his innocence, but Saputo "denied [him] at every turn." *Id.* He further contends that Saputo was not working toward his best interest. *Id.* Araujo concludes that Saputo's failure to investigate rendered his guilty plea involuntary and uninformed, and his conviction should be vacated.[3] *Id*. 25.

A claim that an attorney provided ineffective assistance of counsel because he did not adequately conduct a pretrial investigation is addressed under the *Strickland* standards. *Bryant v. Scott*, 28 F.3d 1411, 1414 (5th Cir. 1994). A trial attorney must conduct a reasonable amount of pre-trial

---

[3] Later in his memorandum, Araujo appears to concede that Saputo reviewed the discovery in this case. *See* Mot. 23-34 (CV ECF No. 2) (admitting that his attorney "read[ ] the government's case file and discuss[ed] it with the government prosecutor").

investigation. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citing *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985)); *see also Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). "[W]hen alibi witnesses are involved, it is unreasonable for counsel not to try to contact the witnesses and 'ascertain whether their testimony would aid the defense.'" *Bryant*, 28 F.3d at 1415 (quoting *Grooms v. Solem*, 923 F.2d 88, 90 (8th Cir. 1991)); *see also Towns v. Smith*, 395 F.3d 251, 258-60 (6th Cir. 2005) (recognizing that counsel's failure to conduct a reasonable investigation into a "known and potentially important alibi witness" was ineffective assistance where an investigation would have resulted in a reasonable probability of the defendant's acquittal). To demonstrate prejudice due to "a failure to investigate on the part of his counsel [a movant] must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Adekeye v. Davis*, 938 F.3d 678, 683 (5th Cir. 2019) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

Araujo's claim is so conclusory that it is legally insufficient. For instance, he fails to explain what law Saputo failed to adequately research, and he does not suggest what witnesses should have been interviewed. Similarly, he fails to explain how these efforts, if performed by Saputo, would have resulted in a different outcome to his case.

Araujo argues that Saputo erred by failing to hire a computer expert. Mem. 24 (CV ECF No. 2). He contends that a computer expert could have proven his "innocence" by showing there was no additional child pornography on his electronic devices, and "the picture was a fake." *Id*. 24-25. These arguments are meritless.

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citing *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)); *see also Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (citing *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). To show ineffective assistance of counsel in the context of an uncalled witness, a movant must: (1) name the witness he would have called; (2) show the uncalled witness would have been available to testify; (3) show the uncalled witness would have testified; and (4) show there is a reasonable probability the uncalled witness would have provided testimony that would have made a difference in the outcome of the trial. *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008) (per curiam) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)); *see also Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984) (petitioner failed to meet his burden of showing that uncalled witnesses would have testified favorably to his case). When "the only evidence of a

missing witnesses' [sic] testimony is from the [movant], this Court views the claims of ineffective assistance with great caution." *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) (quoting *Lockhart*, 782 F.2d at 1282). Generally, when a movant fails to present at least some evidence from an uncalled witness regarding the witness's potential testimony and willingness to testify, it is fatal to an ineffective assistance of counsel claim. *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007); *see also Sayre*, 238 F.3d at 636.

Araujo has failed to identify a particular computer expert that should have been called to testify, and he has failed to demonstrate there is a reasonable probability that expert would have provided testimony, which would have altered the outcome of his case. Similarly, Araujo has not shown that the computer expert Saputo should have called was available to testify or would have testified if he had been called.

To the extent that Araujo is arguing that the child pornography he filmed was "fake," his argument is belied by the record. In his Factual Resume, Araujo admitted that "he employed, used, persuaded, induced, enticed, or coerced John Doe 1 into engaging in sexually explicit conduct, and that [he] acted with the purpose of producing a visual depiction or transmitting a live visual depiction of such conduct." Factual Resume 5 (CR ECF No. 55). He further admitted that "he employed, used, persuaded, induced, enticed, or coerced John Doe 2 into engaging in sexually explicit

conduct, and that [he] acted with the purpose of producing a visual depiction or transmitting a live visual depiction of such conduct." *Id.* 6. At Araujo's rearraignment hearing, he swore under oath that all the facts set forth in his Factual Resume were true.[4] (CR ECF No. 132 at 20.)

Araujo's formal declarations in open court carry a strong presumption of truth, which form a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And "a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)); *see also United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006) (noting that plea colloquies are considered "solemn declarations in open court which carry a strong presumption of verity") (quotation marks and citation

---

[4] Araujo's argument that the child pornography was "fake" is also inconsistent with the statements from his victim's parents. As the District Court stated at sentencing:

> This father of this child will live in anguish for the rest of his life. He sounds from his communication like a pariah in his own family, that he allowed you [Araujo] to abuse his son. There could be nothing worse than how he must feel about having left his child in your clutches to abuse him as you would. And there's no erasing that. He's going to take responsibility for that, as he probably should, that someone he knew not very well was in charge of his child. But he couldn't have imagined the horror that would be subjected – that his son would be subjected to.

(CR ECF No. 135 at 73-74.)

omitted). Considering the foregoing, Araujo's claim that an expert could determine that the child pornography was "fake" is a frivolous argument.

For these reasons, Araujo's ineffective assistance of counsel claim fails under *Strickland*.

d. Araujo's alleged unknowing and involuntary plea

Next, Araujo summarily argues that Saputo provided ineffective assistance of counsel when he led him into an unknowing and involuntary plea. Mot. 4 (CV ECF No. 1); Mem. 26-31 (CV ECF No. 2). Specifically, Araujo contends that Saputo misrepresented the material facts, and because Araujo was wholly reliant on him, this amounts to deficient performance under *Strickland*. Mem. 30 (CV ECF No. 2). Araujo further contends that Saputo "misinformed" him of the likely consequences of pleading guilty rather than going to trial, and if he had "not [been] affirmatively misadvised," there is a reasonable probability he would have gone to trial. *Id.* at 29. Araujo claims that Saputo failed to inform him about the substance of the plea agreement, and he was wholly reliant on Saputo's advice. *Id.* Araujo concludes that he was prejudiced by Saputo's deficient performance when he received a sentence of 480 months' imprisonment, and his conviction and sentence should therefore be vacated. *Id.* 30-31.

Araujo's ineffective assistance of counsel claim fails because it is so conclusory that it is legally insufficient. For example, Araujo fails to suggest how Saputo misled him. He does not identify any facts that Saputo

misrepresented, what he failed to tell him about the "substance" of the plea agreement, or how he was misled by Saputo regarding the consequences of the plea agreement. Conclusory allegations of deficient performance and/or prejudice are insufficient to meet the two-prongs of *Strickland. Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *see also Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Rhinehart v. Director, TDCJ-CID*, 2022 WL 1122145, at *4 (N.D. Tex. Mar. 15, 2022), *rec. adopted* 2022 WL 1121420 (N.D. Tex. Apr. 14, 2022).

Araujo does allege that Saputo advised him that if he proceeded to trial, he would lose, and he would be sentenced to life in prison. Mem. 2 (CV ECF No. 28). However, Araujo cannot demonstrate that even if Saputo gave him that advice, it amounted to deficient performance under *Strickland*. The Government's evidence against Araujo was overwhelming, and if he had been convicted at trial on all four counts in the superseding indictment, his advisory guideline range would have been more than 86 years in prison, the functional equivalent of a life sentence. PSR ¶ 105. Araujo's argument fails because "a defense lawyer's stern warnings about the client's chances of success at trial, the potential for prison time, and the lawyer's potential withdrawal do not compromise voluntariness." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) (citing *Uresti v. Lynaugh*, 821 F.2d 1099, 1101-02 (5th Cir. 1987) (finding plea voluntary where attorney warned client

that he would be lucky to get 99 years if he went to trial and threatened to withdraw if client pleaded not guilty); *Jones v. Estelle*, 584 F.2d 687, 689-90 (5th Cir.1978) (holding that defense counsel's impatience and stern demand for an answer were not enough to make guilty plea involuntary)).

In addition, the record demonstrates that Araujo's guilty plea was both knowing and voluntary. For a guilty plea to be valid, it must be both knowing and voluntary. *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) ("A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently.") (quotation marks and citation omitted)); *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019) ("Because a guilty plea involves the waiver of constitutional rights, it must be knowing, voluntary, and intelligent.") (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A knowing and voluntary guilty plea means that "a defendant must have full knowledge of what the plea connoted and of its consequences." *Lord*, 915 F.3d at 1016 (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). A plea is knowingly made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998). A plea is voluntary if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional

protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Lord*, 915 F.3d at 1016. The consequences of sentencing, as they relate to a guilty plea, mean that the defendant must be aware of the maximum prison term and fine for the offense he is charged. *United States v. Herrod*, 595 F. App'x 402, 412 (5th Cir. 2015) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)); *see also United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017) ("If the defendant is aware of the potential maximum prison term and fine for the offense charged, but nevertheless pleads guilty, his plea is knowingly and intelligently entered."); *United States v. Rosales*, 281 F. App'x 424, 425 (5th Cir. 2008) (per curiam) ("[B]ecause [the defendant] was aware of his minimum and maximum potential sentences and understood the elements of the offense as charged, he also has not established that his guilty plea was not knowing or voluntary.") (citing *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003)).

Araujo's rearraignment hearing was held on September 19, 2017. *See* (CR ECF No. 132). At that time, Araujo stated under oath that he had been seeing a psychiatrist at the jail for anxiety and panic, but he believed he was of sound mind. *Id.* at 4. Saputo agreed that he believed Araujo could make a knowing and voluntary plea. *Id.* The Court advised Araujo of his rights, including his right to plead guilty to the offenses charged or proceed to trial. *Id.* at 7-8. The Court advised Araujo about sentencing in the federal system,

and he admitted under oath that he had discussed the sentencing guidelines with Saputo. *Id.* at 10. The Court informed Araujo that the sentencing guidelines are advisory. *Id.* Araujo advised the Court that he had received a copy of the superseding indictment; he had read it; and he understood what it said. *Id.* at 12-13. Araujo admitted he had reviewed the Factual Resume with Saputo, and he admitted to committing the essential elements of the charges contained in counts one and four of the superseding indictment. *Id.* at 13-14. The Court reviewed the plea agreement with Araujo in open court, and he admitted that he voluntarily entered into that agreement. *Id.* at 15. The Court advised Araujo of the minimum and maximum penalties he faced. *Id.* at 16-17. The Court also advised him that counts one and four of the superseding indictment would require him to register as a sex offender. *Id.* at 18. Finally, after being provided with this advice and information from the Court, Araujo pleaded guilty to counts one and four of the superseding indictment. *Id.* at 19-20. The Court ultimately found that Araujo was fully competent and capable of entering an informed plea, and his plea was supported by an independent factual basis containing each of the elements of counts one and four. *Id.* at 20-21. The Court recommended that the District Court accept Araujo's guilty plea. *Id.*; *see also* (CR ECF No. 60). Considering this record, Araujo's argument that Saputo led him into an unknowing and involuntary plea cannot stand, and this claim should be denied.

For all these reasons, Araujo's claims of ineffective assistance of counsel prior to his plea fail under *Strickland*, and these claims should be denied.

2.   Araujo fails to demonstrate that his trial attorney provided ineffective assistance of counsel at sentencing.

Araujo argues that "Saputo did not properly review, discuss and explain the [Presentence Report (PSR)] adequately with [him] prior to sentencing." Mem. 31 (CV ECF No. 2); *see also* Mot. 5 (CV ECF No. 1). This claim fails for several reasons.

This claim is so conclusory that it is legally insufficient. Araujo fails to identify any provision in the PSR that Saputo did not properly review with him and discuss prior to sentencing. *See United States v. Flores*, 135 F.3d 1000, 1007 (5th Cir. 1998) (finding that the movant's claims were conclusory and wholly unsupported and affirming the trial court's denial of relief under § 2255); *see also Ross*, 694 F.2d at 1012 (finding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Araujo also concedes that he discussed the PSR with Saputo. He argues that when he informed Saputo there was an error in the PSR, Saputo just responded, "there's nothing I can do about it." Mem. 31 (CV ECF No. 2).

Araujo argues that Saputo failed to (1) move for a downward variance, Mem. 32 (CV ECF No. 2), (2) "failed to defend", (*id.* at 31), (3) offer a report from Araujo's expert who would have purportedly shown that he has a low

24

risk of reoffending, (*id*. at 32), and (4) raise objections to the PSR (*id*. at 33). These four arguments are belied by the record. As discussed below, Saputo took every action Araujo now argues he failed to take.

Saputo filed objections to the PSR and addendum. (CR ECF Nos. 74, 75.) Among other objections, he objected to the application of the vulnerable victim enhancement under U.S.S.G. ¶ 3A1.1. (CR ECF No. at 74 at 1-2; CR ECF No. 75 at 1-2); *see also* (CR ECF No. 135 at 4). Saputo also filed a sentencing memorandum and a request for a downward variance, which the District Court reviewed prior to imposing Araujo's sentence. *See* (CR ECF No. 91) ("Sentencing Memorandum And Request For Downward Variance"); *see also* (CR ECF No. 135 at 11 ("I have Mr. Araujo's sentencing memorandum and request for downward variance."). At sentencing, Saputo also objected to the PSR. (CR ECF No. 135 at 6.) The Government agreed with the objection, and the District Court accepted it. *Id*. at 6-7. However, even with the objection sustained, Araujo's guideline calculation did not change. *Id.*

Saputo also submitted a report from Dr. William Flynn and presented him as a witness at sentencing. (CR ECF No. 135 at 18-49, 33.) Dr. Flynn testified that Araujo represented a low risk of reoffending. *Id*. at 18-49. The District Court disagreed with this opinion (*id*. at 62), but the fact that an attorney's argument was not successful does not amount to deficient performance under *Strickland*. *See Youngblood v. Maggio*, 696 F.2d 407,

410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas relief."); *Thomas v. United States*, 2021 WL 2690094, at \*4 (N.D. Tex. June 1, 2021) (quoting Youngblood, 696 F.2d at 410) ), *rec. adopted* 2021 WL 2685389 (N.D. Tex. June 30, 2021); *see also Anokam v. United States*, 2017 WL 655658, at \*7 (S.D. Tex. Feb. May 4, 2016) (citing *Youngblood*, 696 F.2d at 410). Consequently, Araujo has failed to demonstrate Saputo provided deficient performance.

Araujo has also failed to demonstrate prejudice. "In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam); *see also Glover v. United States*, 531 U.S. 198, 200 (2001) ("[I]f an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"); *United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995) ("To satisfy the prejudice prong of the *Strickland* test in the context of a non-capital sentencing proceeding, a defendant must establish a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh.") (citing *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)); *Potts v. United States*, 566 F.Supp.2d 525, 537 (N.D. Tex. 2008).

Araujo argues that there is a "reasonable [probability] that [he] would have received a less harsh sentence." Mem. 33 (CV ECF No. 2). However, this argument is legally insufficient and belied by the record. A review of the sentencing transcript makes clear that the District Court carefully reviewed each of the arguments Araujo now presents. *See generally* (CR ECF No. 135). The record also reflects that the District Court balanced the sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 73-77. Ultimately, the District Court varied downward by 120 months from the sentence recommended by the guidelines. *See id.* at 76 ("That is a substantial variance in terms of the number of years, Ms. Hoxie. I recognize that. But that's still a very long sentence, and the Court considers that to be an appropriate difference between the sentence that the Court have imposed on Mr. Mack and the sentence that I am imposing on Mr. Araujo."). Considering this record, Araujo cannot demonstrate that additional argument from Saputo would have resulted in a lower sentence than the one he received. Moreover, Araujo cannot show that Saputo should have objected to the District Court's sentence as "substantively unreasonable" where a within-guideline sentence is presumptively reasonable. *See United States v. Guerrero,* 2022 WL 1011685, at *1 (5th Cir. Apr. 5, 2022) (per curiam) ("[W]e presume that a within-guidelines sentence . . is reasonable.") (citing *United States v. Jenkins,* 712 F.3d 209, 214 (5th Cir. 2013); *see also United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010) (noting that there is a presumption of

reasonableness attached to a within-guidelines sentence) (citing *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008)).

3.  <u>Araujo fails to demonstrate that his appellate attorney provided ineffective assistance of counsel on appeal.</u>

Finally, Araujo argues that his appellate attorney, Carlyle, failed to properly consult with him in a manner allowing him to participate in the appeal, and there was a "plethora" of issues that could have been raised. Mem. 33-37 (CV ECF No. 2); *see also* Mot. 6 (CV ECF No. 1). In support, Araujo cites the following issues he believes should have been raised: (1) his plea was not knowing and voluntary; (2) there was an error in his Rule 11 proceeding; and (3) there was purportedly a failure to comply with Rule 32 at sentencing. Mem. 34 (CV ECF No. 2).

A defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985). The proper standard for evaluating a claim that appellate counsel was ineffective is the two-prong standard set forth in *Strickland. Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998); *see also Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008) ("In reviewing a claim alleging ineffective assistance of appellate counsel we apply the traditional *Strickland* standard."). To demonstrate prejudice in the context of an appellate counsel claim, a movant must show a reasonable probability that he would have prevailed on his appeal. *Robbins*, 528 U.S. at 285; *see*

*also Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001). "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green*, 160 F.3d at 1043. "Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Id.* To demonstrate prejudice, a movant must "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Briseno*, 274 F.3d at 207. Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, [ ] it is difficult to demonstrate that counsel was incompetent." *Robbins*, 528 U.S. at 288.

As discussed above, Araujo's guilty plea was both knowing and voluntary. Any challenge on direct appeal to the knowing and voluntary nature of his guilty plea would have failed considering his sworn statements at his rearraignment. *See Cothran*, 302 F.3d at 283-84 ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."). Therefore, Carlyle did not provide ineffective assistance on appeal by failing to raise this issue on appeal. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988) (noting that courts have refused to find counsel ineffective when the proposed appellate issues are meritless); *Anderson v. Quarterman*, 204 F. App'x 402, 410 (5th Cir. 2006) ("The issues that Anderson argues his counsel should have raised on direct appeal . . . lack merit. As such, failure to raise these issues did not prejudice Anderson."); *see also Mendiola v.*

*Estelle*, 635 F.2d 487, 491 (5th Cir. 1981) ("The omission of alleged points of error that are deemed meritless by appellate counsel does not, by itself, constitute ineffective assistance of counsel.").

Araujo also contends that Carlyle failed to address the Rule 11 violations. Mem. 34 (CV ECF No. 2). Specifically, he argues that the Court failed to follow the strictures of Rule 11(c)(3) by failing to "explicitly advise" him that the Court could accept, reject, or defer ruling on his plea. Mem. 36 (CV ECF No. 2). However, the plain language of Rule 11(c)(3) does not require that a court "explicitly advise" the defendant of its options. Rather, the rule sets out a district court's options when addressing a plea agreement under Rule 11(c)(1)(A) or 11(c)(1)(C). A court may "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3). Moreover, even if Araujo could somehow demonstrate error by Carlyle, such an argument would be reviewed on appeal under a plain error standard. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. Ruiz*, 2022 WL 1044909, at *1 (5th Cir. Apr. 7, 2022) (per curiam) (citing and quoting *Dominguez Benitez*, 542 U.S. at 82). Araujo cannot show that there is a probability that he would have rejected the plea but for the Court's failure to properly advise him at his rearraignment hearing. In sum, Carlyle did not provide ineffective assistance of counsel by failing to raise a frivolous

argument. *See Penson*, 488 U.S. at 83-84; *Anderson*, 204 F. App'x at 410; *see also Mendiola*, 635 F.2d at 491.

Araujo argues that the Court failed to "inform" him that the disposition of the dismissed counts of the superseding indictment would be reflected in the Court's judgment, which he claims is a violation of Rule 11(c)(4). Mem. 36 (CV ECF No. 2). Even if Araujo could show that there was some sort of technical violation, which he cannot, he has failed to demonstrate that it rises to the level of plain error, which he would have had to show on appeal. *See United States v. Trowbridge*, 335 F. App'x 416, 418 (5th Cir. 2009) (per curiam) ("Even if the district court failed to comply with the requirements of Fed. R. Crim. P. 11(c)(4) insofar as the plea agreement provided that the Government would not bring any other charges, there is nothing in the record to indicate that the Government has filed or intends to file any other charges against Trowbridge. Trowbridge has failed to show that, but for the Rule 11 error, he would not have pleaded guilty."); *see also United States v. Fripp,* 2010 WL 283043, at *1 (4th Cir. Jan. 25, 2010) ("[T]he district court substantially complied with Rule 11 in accepting Fripp's plea, and the court's failure to inform Fripp that 'the agreed disposition will be included in the judgment,' *see* Fed. R. Crim. P. 11(c)(4), did not amount to plain error.").

It is not clear from Araujo's argument how the Court's alleged error affected him, and for this reason alone, he has failed to demonstrate that this

would have been a meritorious issue to raise on appeal. In addition, his plea agreement states that the Government would move to dismiss the remaining counts of the indictment. *See* ([CR ECF No. 54 at 6](#) ¶ 9). Araujo admitted that he understood. ([CR ECF No. 132 at 15](#)) ("Do you understand if your guilty pleas are accepted you will be adjudged guilty of Counts One and Four of the superseding indictment[?]"). Araujo was fully aware that if the Court accepted his plea agreement with the Government, the dismissed counts would be reflected in the Court's judgment. Accordingly, this issue would not have survived plain error review on appeal. *See Dominguez Benitez*, 542 U.S. at 83.

In addition, any claim by Araujo on appeal that the Court erred under Rule 11(c)(4) and rendered his plea unknowing or involuntary, would be barred by the waiver provision contained in his plea agreement. ([CR ECF No. 54 at 7](#), ¶ 12.) Therefore, Araujo cannot demonstrate that Carlyle provided ineffective assistance of counsel by failing to raise this argument on appeal.

Finally, Araujo argues that Carlyle should have appealed on the basis that the District Court violated Rule 32 at sentencing by failing to confirm that he timely received his PSR and had the opportunity to read it. Araujo is mistaken because the District Court complied with Rule 32. *See* ([CR ECF No. 135 at 10](#)). An issue on appeal arguing otherwise would have been summarily dismissed due to Araujo's appeal waiver. *See United States v. Eikelboom,*

609 F. App'x 224, 225 (5th Cir. 2015) (per curiam) (dismissing a Rule 32 claim on the basis that it was waived pursuant to the waiver provision contained in his plea agreement). For these reasons, Araujo cannot demonstrate that Carlyle was deficient for failing to argue otherwise, and he cannot show that the outcome would have been different if Carlyle had raised this meritless argument on appeal.

### Recommendation

The Court should DENY Araujo's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed June 1, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.