# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10927
_____

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2023

Lyle W. Cayce
Clerk

*Plaintiff—Appellee,*

*versus*

JAVIER GIOVANNI ARAUJO,

*Defendant—Appellant.*

_____

Application for Certificate of Appealability
the United States District Court
for the Northern District of Texas
USDC Nos. 3:19-CV-2498, 3:16-CR-478-2

_____

ORDER:

Javier Giovanni Araujo, federal prisoner # 55034-177, was convicted of conspiracy to produce child pornography and transportation of child pornography and was sentenced to a total of 480 months of imprisonment. He filed a 28 U.S.C. § 2255 motion challenging his conviction and sentence, which the district court denied. He now moves this court for a certificate of appealability (COA). Araujo contends that he received ineffective assistance when his trial counsel failed to, with respect to his pre-plea proceedings, communicate with and advise him regarding his guilty plea, file discovery motions, and retain a computer expert; and with respect to his sentencing,

present his mother's testimony, present character witness letters in a timely manner, correct allegedly false statements made by the Government, and argue that his risk of recidivism was low. He also argues that appellate counsel was ineffective for failing to raise arguments on appeal that his plea was not knowing and voluntary; the trial court failed to comply with Federal Rule of Criminal Procedure 11 in his guilty plea proceeding; and the trial court failed to comply with Federal Rule of Criminal Procedure 32 at sentencing.

As a preliminary matter, Araujo does not reprise in his COA motion, and therefore abandons, his claims that his counsel failed to file pretrial motions seeking the production of material under *Brady v. Marland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1973), and to exclude prior bad acts under Federal Rule of Evidence 404(b); failed to conduct an adequate pretrial investigation; failed to negotiate a favorable plea agreement and caused Araujo to unknowingly and involuntarily plead guilty based on deficient advice; failed to properly review, discuss and explain the PSR adequately with Araujo prior to sentencing; failed to file a motion for a downward variance; failed to object to Araujo's sentence as being substantively unreasonable; and failed to communicate with Araujo and allow him to participate in his appeal. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

A prisoner will receive a COA only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). One "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Araujo has not met this standard. *See id*. His COA motion is

DENIED.   His motion to proceed in forma pauperis on appeal is likewise
DENIED.

_____

CAROLYN DINEEN KING
*United States Circuit Judge*

# *United States Court of Appeals*

### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

March 20, 2023

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

        No. 22-10927   USA v. Araujo
                       USDC No. 3:19-CV-2498

Dear Ms. Mitchell,

Enclosed is a copy of the judgment issued as the mandate.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Melissa B. Courseault, Deputy Clerk
                        504-310-7701

cc:
    Mr. Javier Giovanni Araujo
    Mr. Brian W. McKay